UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND WHITNEY,
    Petitioner,

v.

CIVIL ACTION
NO. 04-40094-FDS

JOHN M. FLYNN,
    Respondent

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

The respondent, John M. Flynn, submits this memorandum in support of his motion to dismiss the petition for federal habeas corpus relief filed by the petitioner, Raymond Whitney. As grounds, the respondent states that the petitioner has not exhausted his state remedies, *see* 28 U.S.C. §§ 2254(b)(1)(A), 2254(c), and does not allege that he is in custody in violation of Federal law. *See* 28 U.S.C. § 2254(a). In light of the application of §§ 2254(a), 2254(b)(1)(A), and 2254(c), the respondent does not address the merits of the petition or raise his remaining defenses.[1]

## PRIOR PROCEEDINGS

On March 29, 2004, the petitioner was tried before Judge Mandell and a jury in the Fitchburg District Court for trespassing (Mass. G. L. c. 266, § 120) and breaking and entering

---

[1] Should the Court rule that the petitioner has exhausted his state remedies and has alleged a claim that he is in custody in violation of the Constitution or laws or treaties of the United States, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petition or file a supplemental memorandum addressing any additional affirmative defenses and the merits of the petition.

2

with intent to commit a misdemeanor (Mass. G. L. c. 266, § 16A).[2] After the jury found the petitioner guilty of both crimes, the judge sentenced him to a committed, six-month house of correction term for the breaking and entering conviction, and a committed, thirty-day house of correction term for the trespassing conviction.

The petitioner filed a timely notice of appeal but has taken no further action with respect to prosecuting his appeal (S.A. 1). *See* Habe. Pet. ¶ 9. Given the timing of the matter, it is likely that the clerk is currently assembling the record for transmittal to the Massachusetts Appeals Court. *See* Mass. R. App. P. 9. In addition, he has not collaterally attacked his convictions. *See* Habe. Pet. ¶¶ 10, 11

**ARGUMENT**

THIS COURT SHOULD DISMISS THE HABEAS CORPUS PETITION BECAUSE THE PETITIONER HAS NOT EXHAUSTED HIS STATE REMEDIES AND BECAUSE HE DOES NOT ALLEGE THAT HE IS IN CUSTODY IN VIOLATION OF THE FEDERAL CONSTITUTION OR OF THE LAWS OR TREATIES OF THE UNITED STATES.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), 2254(c)). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In states such as Massachusetts that have a two-tiered system of appellate review, a prisoner must first seek relief in the state intermediate appellate court and, if he is unsuccessful there, petition the state's high court for

---

[2] The petitioner challenges his March 29, 2004 convictions in his petition, *see* Habe. Pet. ¶¶ 2, 4, but includes docket sheets and other information unrelated to these convictions. The respondent has submitted the correct docket sheet (S.A. 1) and the petitioner's notice of appeal (S.A. 2) as a supplemental appendix to this memorandum.

3

discretionary review. *Id.* at 846 (discussing the appropriate procedure under Illinois's two-tiered state system of appellate review).

In this case, the petitioner filed a timely notice of appeal, *see* Mass. R. App. P. 3(a), 4(a), and the case is awaiting docketing in the Massachusetts Appeals Court, the state's intermediate appellate court. *See* Mass. R. App. P. 9(a). Thus, the case is in the nascent stages of the state appellate process. As a result, the petitioner has not exhausted his state remedies and this Court must dismiss his petition for federal habeas corpus relief. *See* 28 U.S.C. §§ 2254(b)(1)(A), 2254(c).

Moreover, even if the petitioner had exhausted his state remedies, this Court would nevertheless be barred from acting on his claim. "Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Dickerson v. United States*, 530 U.S. 428, 439 (2000) (quoting 28 U.S.C. § 2254(a)); *see also Ouimette v. Moran*, 942 F.2d 1, 4 (1st Cir. 1991) ("review of a state court conviction is limited to searching for constitutional error."). Here, the petitioner's claims relate to jail credits and his trial counsel's purported lack of preparedness. *See* Habe. Pet. ¶12. The issue of jail credits is an issue of state statutory law. *See, e.g., Commonwealth v. Frias*, 53 Mass. App. Ct. 488, 490-491, 760 N.E.2d 300, 303-304 (2002). Thus, this Court is precluded from granting the petitioner relief. *See* 28 U.S.C. § 2254(a). Moreover, to the extent the petitioner was dissatisfied with the amount of times he communicated with his trial attorney, *see* Habe. Pet. ¶ 12, such a claim does not rise to the level of ineffective assistance of counsel, and, by itself, does not describe a cognizable federal claim. Consequently, this Court is precluded from granting the petitioner relief on this claim as well. *Id.*

4

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that the petition for writ of habeas corpus be dismissed.

    Respectfully submitted,

    THOMAS F. REILLY
    ATTORNEY GENERAL

    /s/ Daniel I. Smulow
    Daniel I. Smulow, BBO # 641668
    Assistant Attorney General
    Criminal Bureau
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 727-2200, ext. 2949

Date: July 8, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Raymond Whitney, 22687, Worcester House of Correction, 5 Paul X Tivnan Drive, West Boylston, MA, 01583, by first class mail, postage prepaid, on July 8, 2004.

    /s/ Daniel I. Smulow
    Daniel I. Smulow, BBO # 641668
    Assistant Attorney General
    Criminal Bureau
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 727-2200, ext. 2949